| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **L. Bishop Austin**<br>**L. BISHOP AUSTIN & ASSOCIATES**<br>**3250 WILSHIRE BLVD., STE 1500**<br>**LOS ANGELES, CA 90010**<br>**(213) 388-4939 Fax: (213) 388-2411**<br>**175497**<br>☒ *Attorney for Debtor* | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER: 13 |
|---|---|
| In re:<br><br>  **Mario Enrique Barillas**<br><br><br>                                                                  Debtor. | CASE NUMBER **2:09-bk-20339-AA**<br><br>(No Hearing Required) |

## NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(ρ) FOR:

### DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(P)

1. **TO**(specify name):  HONORABLE ALAN M. AHART, THE CHAPTER 13 TRUSTEE, ALL CREDITORS AND ITS ATTORNEYS ON RECORD, AND ALL OTHER INTERESTED PARTIES

2. NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith. Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought. Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(g)(1), which provides for granting of motions without a hearing. (Check appropriate box below):

   ☒   The full Motion is attached hereto.

   ☐   The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3. **Deadline for Opposition Papers and Request for a Hearing:** Pursuant to Local Bankruptcy Rule 9013-1(g)(1), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing on this Motion. If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 02/03/2010

**L. BISHOP AUSTIN & ASSOCIATES**
*Law Firm Name*

By: _____

Name:  **L. Bishop Austin 175497**
*Attorney for Movant*

Date Notice Mailed: 02/03/2010

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F 9013-1.2**

Best Case Bankruptcy

Notice of Motion (L.B.R. 9013-1(o))  Page 2

**F 9013-1.2**

| In re<br>**Mario Enrique Barillas**<br><br>Debtor(s) | CHAPTER: **13**<br><br>CASE NO.: **2:09-bk-20339-AA** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3250 Wilshire Blvd., Ste 1500, Los Angeles, CA 90010**

A true and correct copy of the foregoing document described as   **NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPRETY UNDER LBR 3015-1(P)**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  2/3/2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02/03/2010 | **Moises Lopez** | _Moises Lopez_ |
| Date | Type Name | Signature |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2009_

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F 9013-1.2**

Best Case Bankruptcy

| In re<br>**Mario Enrique Barillas** | CHAPTER: **13** |
|---|---|
| Debtor(s) | CASE NO.: **2:09-bk-20339-AA** |

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

F 9013-1.2

Best Case Bankruptcy

MARIO ENRIQUE BARILLAS
930 W 81ST STREET
LOS ANGELES, CA 90044

L. BISHOP AUSTIN
L. BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD., STE 1500
LOS ANGELES, CA 90010


MARIO ENRIQUE BARILLAS
930 W 81ST STREET
LOS ANGELES, CA 90044

CHAPTER 13 TRUSTEE
KATHY A DOCKERY
700 S. FLOWER ST., STE 1950
LOS ANGELES, CA 90017

EQUIFAX CREDIT INFORMATION
BANKRUPTCY NOTIFICATION
PO BOX 740241
ATLANTA, GA 30374


EXPERIAN
BANKRUPTCY NOTIFICATION
475 ANTON BLVD
COSTA MESA, CA 92626

INDY MAC
PO BOX 78826
PHOENIX, AZ 85062

INTERNAL REVENUE SERVICE
ATTN.: BANKRUPTCY DEPARTMENT
STOP 5117
300 N LOS ANGELES STREET
LOS ANGELES, CA 90012


LOS ANGELES COUNTY TAX COLLECTOR
PO BOX 54018
LOS ANGELES, CA 90054

QUALITY LOAN SERVICE
2141 5TH AVENUE
TS# CA-09-232275-TC
SAN DIEGO, CA 92101

SELECT PORTAFOLIO SERVICING INC
P.O. BOX 65250
SALT LAKE CITY, UT 84165


SELECT PORTAFOLIO SERVICING, INC.
AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICING COMPANY
CSC
2730 GATEWAY OAKS DR STE 100
SACRAMENTO, CA 95833

SPS SERVICING
3815 SOUTH WEST TEMPLE
SALT LAKE CITY, UT 84115

TRANS UNION CREDIT BUREAU
BANKRUPTCY NOTIFICATION
PO BOX 2000
CHESTER, PA 19022

| Attorney or Party Name, Address, Telephone and FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **L. Bishop Austin**<br>**3250 WILSHIRE BLVD., STE 1500**<br>**LOS ANGELES, CA 90010**<br>**(213) 388-4939 Fax: (213) 388-2411**<br>**Email: lbishopbk@yahoo.com**<br>California State Bar Number: 175497<br><br>☒ **Attorney for Debtor**<br>☐ **Pro Se Debtor** | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER **13**<br>CASE NUMBER **2:09-bk-20339-AA** |
|---|---|
| In re<br><br>        **Mario Enrique Barillas**<br><br><br><br><br>                                        Debtor(s). | **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p)**<br><br>*(No Hearing Required)* |

Debtor moves this Court for an order authorizing the debtor to sell the real property, described below, pursuant to the terms and conditions described herein. **This is a Short-sale transaction**.

1.  Debtor's Chapter 13 Plan (the "Plan") was confirmed on:    **07/02/2009**    .

2.  Debtor wishes to Sell the real property (the "Property") located at:
    **930-934 West 81st Street**
    **Los Angeles, CA 90044**

    The Property is more particularly described in Exhibit "A" attached hereto.

    ☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

3.  The sale price of the Property is $ **305,000.00** . The following are all of the encumbrances of record against the Property:

    | | | |
    |---|---|---|
    | a) | $9,232.43 | Los Angeles County Treasurer and Tax Collector |
    | b) | $550,271.79 | One West Bank FSB c/o McCarthy & Holthus, LLP |
    | c) | $140,855.04 | Select Portafolio Servicing, Inc |
    | d) | **$700,359.26** | TOTAL |
    | e) | $0.00 | Seller's final proceeds (this is a short-sale transaction) |

4.  After payment of the foregoing encumbrances and all costs of sale:
    ☒ there will remain the approximate sum of $ **ZERO**    ; OR
    ☒ no proceeds will remain.

5.  ☒ (a) The Chapter 13 Trustee is hereby authorized to make demand upon escrow for sufficient funds to
            pay off the Plan with a:
            ☐ 100% dividend to unsecured creditors; OR
            ☒ **0.00** % dividend as indicated in the confirmed plan.
    After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Debtor's Motion For Authority to Sell Real Property - Page 2

**F 3015-1.16**

| In re:                          | CHAPTER 13 |
|---------------------------------|------------|
| **Mario Enrique Barillas**      |            |
| Debtor(s). | CASE NUMBER **2:09-bk-20339-AA** |

**OR**

☐ (b) The Chapter 13 Trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan. The sale is for the fair market value of the Property.

6.   The escrow is being processed by:

Escrow company name:   **GREEN FOREST ESCROW**

Address:   9425 TELEGRAPH RD STE 112

PICO RIVERA, CA 90660

Telephone:   (562)821-2600

Facsimile:   (562) 821-2606

Escrow officer:   JOANNA SMITH

Escrow number:   003743-JS

7.   Supporting documents attached to this Motion are:
a) Exhibit "A" – Legal Description with street address
b) Exhibit "B" – Escrow Instructions and Documents
c) Exhibit "C" – Estimated Closing Statement
d) Exhibit "D" – Schedules I and J of the bankruptcy petition

*(Note – Debtor must provide a certified copy of the escrow closing statement within 14 days of the close of escrow.)*

Dated: 02/03/2010 _____            _____
                                     Attorney for Debtor(s)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 02/03/2010 _____      _____
                                     Debtor

Dated: _____         _____
                                     Joint Debtor

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 3015-1.16**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Motion to Modify Plan or Suspend Plan Payments - Page 3

F 3015-1.16

| In re:                        |            | CHAPTER 13 |
|-------------------------------|------------|------------|
| **Mario Enrique Barillas**    |            |            |
|                               | Debtor(s). | CASE NUMBER **2:09-bk-20339-AA** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **3250 Wilshire Blvd., Ste 1500, Los Angeles, CA 90010**

A true and correct copy of the foregoing document described as __ **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On _02/03/2010_ served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _02/03/2010_ | Moises Lopez | _moises lopez_ |
|--------------|--------------|----------------|
| Date         | Type Name    | Signature      |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

F 3015-1.16

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

MARIO ENRIQUE BARILLAS
930 W 81ST STREET
LOS ANGELES, CA 90044

L. BISHOP AUSTIN
L. BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD., STE 1500
LOS ANGELES, CA 90010

MARIO ENRIQUE BARILLAS
930 W 81ST STREET
LOS ANGELES, CA 90044

CHAPTER 13 TRUSTEE KATHY A
DOCKERY
700 S. FLOWER ST., STE 1950
LOS ANGELES, CA 90017

EQUIFAX CREDIT INFORMATION
BANKRUPTCY NOTIFICATION
PO BOX 740241
ATLANTA, GA 30374

EXPERIAN
BANKRUPTCY NOTIFICATION
475 ANTON BLVD
COSTA MESA, CA 92626

INDY MAC
PO BOX 78826
PHOENIX, AZ 85062

INTERNAL REVENUE SERVICE
ATTN.: BANKRUPTCY DEPARTMENT
STOP 5117
300 N LOS ANGELES STREET
LOS ANGELES, CA 90012

LOS ANGELES COUNTY TAX COLLECTOR
PO BOX 54018
LOS ANGELES, CA 90054

QUALITY LOAN SERVICE
2141 5TH AVENUE
TS# CA-09-232275-TC
SAN DIEGO, CA 92101

SELECT PORTAFOLIO SERVICING INC
P.O. BOX 65250
SALT LAKE CITY, UT 84165

SELECT PORTAFOLIO SERVICING, INC.
AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICING COMPANY
CSC
2730 GATEWAY OAKS DR STE 100
SACRAMENTO, CA 95833

SPS SERVICING
3815 SOUTH WEST TEMPLE
SALT LAKE CITY, UT 84115

TRANS UNION CREDIT BUREAU
BANKRUPTCY NOTIFICATION
PO BOX 2000
CHESTER, PA 19022

EXHIBIT "A"

| Owner Name | Parcel Number / Property Tax ID | Site Address | Mail Address |
|---|---|---|---|
| BARILLAS,MARIO E | 6032-005-007 | 930 W 81ST ST LOS ANGELES, CA 90044-5006 | 930 W 81ST ST LOS ANGELES, CA 90044-5006 |

## Property Profile

### Ownership Information

| | | | |
|---|---|---|---|
| Primary Owner | | BARILLAS,MARIO E | |
| Secondary Owner | | | |
| Ownership Description | | SINGLE MAN | |
| Site Address | | 930 W 81ST ST | |
| Site City, St Zip | | LOS ANGELES, CA 90044-5006 | |
| Mail Address | | 930 W 81ST ST | |
| Mail City, St Zip | | LOS ANGELES, CA 90044-5006 | |
| Telephone | | | |
| Census Tract | | 2383.10 | |
| Legal Description | | SUNNY SIDE PARK ADDITION LOT 214 | |
| Lot/Block | | 214/ | |
| Housing Tract / Subdivision Name | | SUNNY SIDE PARK ADD | |

### Property Details

| | | | |
|---|---|---|---|
| Use Description | QUADRUPLEX | | |
| State | CALIFORNIA | County/Municipality | LOS ANGELES |
| RTSQ | | Total Rooms | |
| Zoning | LAR3 | Bedrooms | 4 |
| Number Of Units | 4 | Bathrooms | 4 |
| Year Built/Effect Yr Built | 1939 / | Basement Square Feet | |
| # Of Stories | | Basement Description(s) | |
| Lot Size | 9,278 SQFT / 0.2130 Acres | View | |
| Usable Lot Size | | Pool | |
| Lot Depth | | FirePlace | |
| Lot Width | | HT/AC | |
| Square Feet | 2,652 | Cooling Detail | |
| Square Ft 1st Flr | | Heating Detail | |
| Square Ft 2nd Flr | | Roof Type | |
| Square Ft 3rd Flr | | Construction Quality | |
| Additions - Square Feet | | Construction Type | |
| Parking | | Exterior | |
| Parking Square Feet | | Foundation | |
| New Page Grid | 704-B2 | Building Shape | |
| Map Page Grid | | | |

### Tax Information

| | | | |
|---|---|---|---|
| Assessor's Parcel Number / Tax ID | 6032-005-007 | Assessor's Market Value | $0 |
| Alt Assessor's Parcel Number | | Exemption | Y |
| Assessed Total | $689,784 | Tax Amount | $8,754.11 |
| Land Total | $477,606 | Tax Status | Delinquent |
| Improvement | $212,178 | Year Delinquent | 2008 |
| Percent Improvement | 31% | Tax Rate Area | 212 |

### Sale Information

| | | | |
|---|---|---|---|
| Last Sales Date | March 30, 2006 | | |
| Document Number | 0000677066 | 1st Loan Amount | $520,000 |
| Sale Value | $650,000 (Full) | First Loan Type | Conventional |
| Last Transaction W/O $ | | 2nd Loan Amount | $130,000 |
| Last Transaction W/O $ Doc | | Cost / Square feet | $245 |
| Title Company | SOUTHLAND TITLE | | |

© 2003 DataQuick Information Systems
This information is compiled from public documents and is not guaranteed.

A-1

http://ww3.dataquick.com/View/printreport.aspx

| Owner Name | Parcel Number / Property Tax ID | Site Address | Mail Address |
|---|---|---|---|
| BARILLAS,MARIO E | 6032-005-007 | 930 W 81ST ST LOS ANGELES, CA 90044-5006 | 930 W 81ST ST LOS ANGELES, CA 90044-5006 |

## Property History

### Transaction 1

| | |
|---|---|
| Buyer / Borrower | REO GROUP INC |
| Seller Name | WILLIAMS,OLLIE L |
| Lender Name | |
| Title Company | |
| Transfer Date | September 27, 2002 |
| Transfer Value | $150,000 |
| Transaction Type | Re-Sale |
| Document Number | 0002284650 |
| Multiple/Portion | |
| First Loan Amount | $0 |
| Loan Type | |
| Interest Rate Type | Fixed |
| Deed Type | Trustee Sale |
| Second Loan Amount | $0 |

### Transaction 2

| | |
|---|---|
| Buyer / Borrower | LE,NAM T |
| Seller Name | REO GROUP INC |
| Lender Name | IRWIN MORTGAGE CORP |
| Title Company | STEWART TITLE |
| Transfer Date | December 8, 2003 |
| Transfer Value | $347,500 (Full) |
| Transaction Type | Re-Sale |
| Document Number | 0003682731 |
| Multiple/Portion | |
| First Loan Amount | $332,777 |
| Loan Type | FHA |
| Interest Rate Type | Fixed |
| Deed Type | |
| Second Loan Amount | $0 |

### Transaction 3

| | |
|---|---|
| Buyer / Borrower | LANCE PROPERTIES INC |
| Seller Name | LE NAM,T |
| Lender Name | CANNONE JOSEPH & JEAN M TRUST |
| Title Company | |
| Transfer Date | July 29, 2005 |
| Transfer Value | $395,000 (Full) |
| Transaction Type | Re-Sale |
| Document Number | 0001799736 |
| Multiple/Portion | |
| First Loan Amount | $370,000 |
| Loan Type | Conventional |
| Interest Rate Type | Fixed |
| Deed Type | |
| Second Loan Amount | $50,000 |

### Transaction 4

| | |
|---|---|
| Buyer / Borrower | BARILLAS,MARIO E |
| Seller Name | LANCE PROPERTIES INC |
| Lender Name | MORTGAGE STORE FINANCIAL INC |
| Title Company | SOUTHLAND TITLE |
| Transfer Date | March 30, 2006 |
| Transfer Value | $650,000 (Full) |
| Transaction Type | Re-Sale |
| Document Number | 0000677066 |
| Multiple/Portion | |
| First Loan Amount | $520,000 |
| Loan Type | Conventional |
| Interest Rate Type | Fixed |
| Deed Type | |
| Second Loan Amount | $130,000 |

© 2003 DataQuick Information Systems
This information is compiled from public documents and is not guaranteed.

A-2

EXHIBIT "B"

# *Green Forest Escrow, Corp.*

9425 Telegraph Road, Suite 112
Pico Rivera, CA 90660
Phone: (562) 821-2600  Fax: (562) 821-2606

**GREEN FOREST ESCROW, CORP. IS LICENSED BY THE DEPARTMENT OF CORPORATIONS
OF THE STATE OF CALIFORNIA, LICENSE NUMBER 963-2083**

**ADDENDUM TO RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS
DATED September 21, 2009**

Joanna Smith
Junior Escrow Officer

Escrow No.: 003743-JS
Date: January 21, 2010

We, the undersigned, hand you a copy of the Residential Purchase Agreement and Joint Escrow Instructions (and Receipt for Deposit) dated September 21, 2009 including Counter Offers and Addendums (original(s) of which has/have been executed by all parties and retained by broker). Your duties and responsibilities are limited to those paragraphs specified in paragraph 28, of the original deposit receipt.

| | |
|---|---|
| Buyer has handed GREEN FOREST ESCROW, CORP. initial deposit in the amount of | 5,000.00 |
| Buyer herein to obtain a new first trust deed loan in the amount of | 294,325.00 |
| Balance of Purchase Price | 5,675.00 |
| **Total Consideration** | **$305,000.00** |

I/We will deliver to you any instruments which this escrow requires, fully executed, all of which you are instructed to use provided that on or before the designated close of escrow date being **February 22, 2010** , you hold a policy of title insurance issued by **Fidelity National Title Company** with a liability of **$305,000.00** covering property:

Lot 214 of Sunnyside Park Addition, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 6, Page 198 of Maps, in the Office of the County Recorder of said County.

SELLER STATES THAT THE PROPERTY ADDRESS IS: 930 West 81st Street, Los Angeles, CA 90044

TITLE POLICY TO SHOW TITLE VESTED IN:  Cesar Aroldo Rodriguez, (vesting to follow).

FREE FROM ENCUMBRANCES EXCEPT:

(1)     All General and special Taxes for the fiscal year 2010 and 2011, including bonds, special assessments, assessed against former owner, and/or supplemental taxes assessed pursuant to the provisions of Chapter 498, Statutes of the State of California. (Change of Ownership will affect the taxes to be paid. A Supplemental Tax Bill will be issued and BUYER accepts all responsibility for all additional taxes due because of said reassessment. TAX BILLS ISSUED AFTER THE CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYERS AND SELLERS.)

(2)     Covenants, conditions, restrictions, reservations, rights, rights of way, and easements, and any oil, gas, or mineral reservations now of record, if any.

(3)     FINANCE: First Deed of Trust to file, and note secured thereby in the amount of $294,325.00 in favor of lender of Buyer's choice as per their terms, to be obtained by buyer at buyer's expense. Said loan to be at the best prevailing rate and terms. Buyer's signature on said documents shall be indication of their approval of all terms and conditions contained therein and Escrow Holder's authorization for the use of same.

INSTRUCTIONS

A.     CLOSING FUNDS: Each party acknowledges that the close of escrow is conditioned on check clearances. Funds to close must be in the form of a Cashier's Check drawn on a bank with clearing house in the State of California OR a wire transfer to GREEN FOREST ESCROW, CORP. Trust Account, and be deposited at least two (2) two business days prior to recording of documents.

B.     1099 FORM: If required by law, the seller shall hand to Escrow Holder an IRS 1099 gross proceeds report, which you are to forward to the IRS in accordance with the law, and a copy thereof is to be delivered to the seller at the close of escrow. This is NOT in lieu of any tax withholding which may become applicable under FIRPTA. ESCROW HOLDER IS AUTHORIZED AND INSTRUCTED TO INSERT BUYER'S PART OF REAL ESTATE TAX PAID, OVER THE SIGNATURE OF THE SELLER, ON SAID 1099, AT THE CLOSE OF ESCROW WITHOUT

(CONTINUED)

Seller's Initials: _____/_____

Buyer's Initials: _____/_____

B-1

Date: January 2, 2010

Escrow No.: 003743-JS

Page 2 of 6:  Additional instructions made a  part of previous pages as fully incorporated therein.

ANY LIABILITY ON THE PART OF ESCROW HOLDER FOR SO DOING.

C.     IN THE EVENT EITHER PARTY REQUESTS CANCELLATION OF THIS ESCROW AT ANY TIME, ALL PARTIES ARE AWARE THAT THIS ESCROW WILL NOT BE CONSIDERED CANCELLED, AND NO FUNDS WILL BE DISBURSED UNTIL ESCROW HOLDER HAS RECEIVED MUTUALLY SIGNED CANCELLATION INSTRUCTIONS FROM BUYERS AND SELLER.

D.     PRORATIONS:  Prorate as of Close of Escrow
          Real Property taxes based on latest tax bill or on amount furnished by title company.

E.     ALLOCATION OF COSTS:

       Seller shall pay for an inspection and report for wood destroying pests and organisms, which shall be prepared by a registered structural pest control company.  The report shall cover the accessible areas of the main building and attached structures.  The report shall not include roof coverings.

       Seller shall pay for a natural hazard zone disclosure report.

       Buyer and seller shall each pay for their own escrow fees.

       Seller shall pay for owner's title insurance policy.

       Seller shall pay County Transfer Tax and City Transfer Tax, if applicable.

F.     SHORT SALE DISCLOSURE:

       Buyer and seller hereby acknowledge and agree that this is a short sale transaction that requires lender approval from 1st and 2nd lien holders, if applicable, prior to close of escrow. The institution taking a discount of their mortgages or liens will most certainly require that they be given access to the property, Buyer will be held harmless from any resulting liability, claims, demands, damages and cost of such institutions, inspections of the property, or any action taken by these institutions that concern the property. Seller and Buyer agree to indemnify and hold Green Forest Escrow Corp., Officers  and the Real Estate Companies, harmless for any actual or considered damages or loss that Seller/Buyer may incur in connection with this transaction and waives all rights and claims to legal or injunctive relief against Green Forest Escrow Corp. Seller and Buyer also agree that all terms in this agreement are subject to the lender(s) accepting a discount on the mortgages(s) acceptable to Buyer. Should lender(s) not agree to a discount acceptable to Buyer, the agreement and all conditions and obligations there to become null and void.

       In the event Buyer cancels or fails to complete this transaction for other reasons unrelated to loan, appraisal and/or contingencies specified in the original signed purchase contract. Buyer and Seller hereby acknowledge and agree that Buyer will forfeit his/her deposit to the company negotiating the short sale approval, as liquidated damages, less escrow cancellation fee in the amount of $250.00.

G.     AGENCY RELATIONSHIP:

       Hispanos Unidos Realty is hereby representing the Seller.
       Hispanos Unidos Realty is hereby representing the Buyer.

H.     OTHER TERMS AND CONDITIONS:

       Seller shall credit 3% ($9,150.00) towards buyer's closing costs.

****************************************************

THESE ESCROW INSTRUCTIONS ARE NOT INTENDED TO SUPERSEDE THE REAL ESTATE PURCHASE CONTRACT AND RECEIPT FOR DEPOSIT, BUT TO CARRY OUT ITS TEPMS AND CONDITIONS IN CONSUMMATING THE PURCHASE AND SALE, EXCEPT AS MAY BE AMENDED OR MODIFIED BY THE MUTUAL WRITTEN INSTRUCTIONS OF THE PARTIES.

IMPORTANT:  IN A PURCHASE OR EXCHANGE OF REAL PROPERTY, IT MAY BE ADVISABLE TO OBTAIN TITLE INSURANCE IN CONNECTION WITH THE CLOSE OF ESCROW, SINCE THERE MAY BE PRIOR RECORDED LIENS AND ENCUMBRANCES WHICH AFFECT YOUR INTEREST IN THE PROPERTY BEING ACQUIRED.  A NEW POLICY OF TITLE INSURANCE SHOULD BE OBTAINED IN ORDER TO ENSURE YOUR INTEREST IN THE PROPERTY THAT YOU ARE ACQUIRING.

(CONTINUED)

Seller's Initials: _____/_____                              Buyer's Initials: _____/_____

D-2

Date: February 24, 2010

Escrow No.: 003743-JS

Page 3 of 6: Additional instructions made a part of previous pages as fully incorporated therein.

## GENERAL PROVISIONS

1. All funds received in this escrow shall be deposited with other escrow funds in a general non-interest bearing escrow account or accounts of Green Forest Escrow, Corp., ("Company") with any state or national bank, and may be transferred to any other such general account or accounts. All disbursements shall be made by check of the "Company". Any commitment made in writing to the "Company" by a bank, trust company, insurance company or savings and loan association to deliver its check or funds into this escrow may, in the sole discretion of the "Company", be treated as the equivalent of a deposit in this escrow of the amount thereof. The parties to this escrow acknowledge that while these accounts do not bear interest, because of these and other banking relationships with the depository institutions, the "Company" and its affiliates may receive from some of the depository institutions an array of banking services, accommodations or other benefits. The "Company" and its affiliates also may elect to enter into other business transactions with or obtain loans for investment or other purposes from some of the depository institutions. All of such services, accommodations and other benefits shall accrue, directly or indirectly, to the "Company" and its affiliates and they shall have no obligation to account to the parties to this escrow for the value of such services, accommodations or other benefits.

2. All prorations and adjustments called for in this escrow are to be made on the basis of a 30-day month unless otherwise instructed in writing. You are not responsible for any payment, adjustment or proration of a Homeowner's Association (or similar) charge, fee or unrecorded lien unless set forth in the escrow instructions.

3. The phrase "close of escrow" (or COE or CE) as used in this escrow means the date on which documents are recorded, unless otherwise specified.

4. Recordation of any instruments delivered through this escrow if necessary or property for the issuance of the policy of title insurance called for is authorized.

5. You are authorized to furnish copies of escrow instructions, supplements, amendments, notices of cancellation and closing statements in this escrow to the real estate broker(s) and lender(s) referred to in this escrow.

6. In addition to any other fee, the principals jointly and severally agree that if escrow holder is required to hold funds on deposit for more than 90 days after the scheduled closing date or after the date funds and documents are deposited, whichever is later, whether or not the escrow file is closed, cancelled or pending, then the principals irrevocably assign without further instructions to escrow holder on the first of each subsequent month, a "hold open" fee in the maximum amount of $75.00 per month from the funds on deposit in the escrow. The principals irrevocably instructed escrow holder to cancel and close the escrow file when all funds on deposit have been disbursed.

7. If a demand to cancel is submitted after the time limit date, any principal so requesting you to cancel this escrow shall file notice of demand to cancel in your office in writing. You shall within a reasonable time thereafter mail one copy of such notice to each of the other principals at the addresses stated in your escrow. Unless written objection thereto is filed in your office by a principal within fifteen (15) calendar days after date of such mailing, you are authorized to cancel this escrow. If written objection is filed with you, you are authorized to hold all money and documents in this escrow and take no further action until otherwise directed, either by the principals' written instructions or by final order of the court of competent jurisdiction. If this is a safe escrow, you may return lender's papers funds upon lender's demand.

8. No examination or insurance as to the amount of payment of personal property taxes is required unless specifically requested.

9. Delivery to escrow of all notices, communications and documents are required to be made timely at the office of the "Company" set forth on page 1 of these instructions.

10. In the event of cancellation of this escrow, A) the fees and charges due the Title and Escrow Company, including expenditures incurred or authorized shall be due from the defaulting party unless otherwise specifically agreed to or determined by a court of competent jurisdiction, B) you are authorized to demand payment of your charges and, on payment thereof, return documents and monies and other items held by you shall be returned to the respective parties entitled thereto, less fees and charges herein provided.

11. If there if no written activity by a principal delivered to this escrow within any six month period after the time limit date as set forth in the escrow instructions or written extension thereof, your agency obligation shall terminate at your option and all documents, monies and other items held by you shall be returned to the respective parties entitled thereto, less fees and charges herein provided.

12. Upon receipt of any conflicting instructions, other than cancellation instructions described in paragraph 7 above, you are no longer obligated to take any further action in connection with this escrow until further concurring instruction are received from the principals to this escrow.

13. In the event the principals to this transaction, their agents or assigns, utilize "facsimile" transmitted signed document (by PANAFAX, TELEFAX, etc.), buyer and seller hereby agree to accept and instruct escrow holder to rely upon such documents as if they bore original signatures. Buyer and seller further acknowledge and agree that documents necessary for recording with non-original (facsimile) signatures will not be accepted for recording by the County Recorder, thus delaying the close of escrow.

14. As soon as practical after receipt of these mutually executed escrow instructions, you are to open an order with the title company and request a preliminary report or commitment concerning the subject property. You are authorized to submit any preliminary report issued in connection with this escrow to any party, agent or proposed lender.

15. Any funds disbursed during or on the close of escrow will be issued jointly to the parties designated as payees unless you are instructed otherwise in writing by all designated payees. The funds representing loan and/or sale proceeds will be disbursed jointly to all persons who were the record owners of the real property which is the subject of the escrow. All disbursements of funds and/or delivery of other documents or instruments concerning this escrow will be mailed to the entitled parties by regular, first-class mail, postage prepaid, at their respective addresses shown on file. However, at your discretion, you may send funds and/or other instruments or documents by certified or registered mail, FedEx, messenger or facsimile machine, in which case the party for whom the delivery was made agrees to pay the costs. The provisions of this paragraph include, but are not limited to, requests for demand statements, requests for beneficiary statements, requests for homeowners' association statements or any other requests as you may deem necessary for the timely closing of this escrow. You are to instruct the county recorder to mail recorded documents to the entitled parties at their respective addresses. You are to instruct the title company to mail the title policy(s) to the Lender(s) or Buyer(s) as appropriate, if a party unilaterally assigns or orders the proceeds of this escrow to be paid to a person or entity other than the original parties to this escrow, such assignment or order shall be subordinate to the expenses of this escrow, liens of record on the subject property, and payments directed to be made by the parties hereto. If the results of such assignment or order would be to leave

(CONTINUED)

Seller's Initials: _____/_____

Buyer's Initials: _____/_____

B-3

Date: January 4, 2010

Escrow No.: 003743-JS

Page 4 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

the escrow without sufficient funds to close, then you are directed to close nevertheless and pay such assignments or orders only out of the net proceeds due the assigning party except for such assignments or orders and to pay them in the order in which such assignments or orders are received by you.

16.  SUPPLEMENTAL TAXES:  The "Company" is hereby released from any liability with regards to supplemental taxes due as a result of change of ownership taking place through this escrow.  Any necessary adjustment due either party on receipt of a supplemental tax bill will be made by the parties outside of this escrow and Escrow Holder is released of any liability in connection with same.

17.  PRELIMINARY CHANGE OF OWNERSHIP FORM:  Prior to close of escrow Buyer will be sent a Preliminary Change of Ownership form, required by the County Recorder's office to accompany documents called for herein at the time of recording.  In accordance with Section 480.03 of the Revenue and Taxation Code Buyer must complete, sign and return the form prior to close of escrow.  If Escrow Holder does not receive this report prior to close of escrow, Buyer authorizes Escrow Holder to charge his account $20.00, the fee the County Recorder charges, for recording the deed without the completed form.  Buyer is hereby put on notice that the Assessor is required to mail out the form for completion if it has not been filed at close of escrow.  IF NOT SUBMITTED THE COUNTY WILL ASSESS A PENALTY.

18.  NOTWITHSTANDING ANY PROVISIONS TO THE CONTRARY CONTAINED IN THESE ESCROW INSTRUCTIONS OR SUPPLEMENTS OR AMENDMENTS, ESCROW HOLDER SHALL NOT BE RESPONSIBLE FOR THE SUFFICIENCY, VALIDITY OR CORRECTNESS OF ANY SIGNATURE OF ANY PRINCIPAL TO THIS ESCROW OR ANY THIRD PARTY TO THIS ESCROW, NOR FOR THE SUFFICIENCY OR CORRECTNESS AS TO FORM, MANNER OF EXECUTION OR VALIDITY OF ANY DOCUMENTS DEPOSITED IN THIS ESCROW, NOR AS TO THE IDENTITY, AUTHORITY, OR RIGHT OF ANY PERSONS EXECUTED THE SAME, EITHER AS TO DOCUMENTS OF RECORD OR THOSE HANDLED IN THIS ESCROW.  SHOULD THE PARTIES DESIRE THAT YOU VERIFY THE SIGNATURES ON INSTRUCTIONS RECEIVED BY YOU, THE PARTY(IES), WITHOUT FURTHER INSTRUCTIONS, AUTHORIZE THE PAYMENT OF AN ESCROW FEE COMPUTED AT TWO TIMES YOUR REGULAR ESCROW FEE AND WILL DELIVER SEPARATE WRITTEN ESCROW INSTRUCTIONS SPECIFICALLY INSTRUCTING YOU TO DO SO.

19.  You shall not be responsible for the following:  (1) the sufficiency or correctness as to form, manner of execution or validity of any documents deposited in this escrow;  (2) the identity, authority, or right of any person executing the same, either as to documents of record or those handled in this escrow; or (3) the failure of any party to comply with any of the provisions of any agreement, contract or other instrument filed or deposited in this escrow or referred to in these escrow instructions.  Your duties shall be limited to the safekeeping of money and documents received by you as escrow holder and for the disposition in compliance with the written instructions accepted by you in this escrow.  You shall not be required to take any action regarding the collection, maturity, or apparent outlaw of any obligations deposited with you unless otherwise instructed in writing.

20.  If it is necessary, proper, or convenient for the consummation of this escrow, you are authorized to deposit or have deposited funds or documents, or both, handed you under these escrow instructions, with any duly authorized sub-escrow agent, including, but not limited to, any bank, trust company, title insurance company, title company, savings and loan association, or licensed escrow agent, subject to your order at or before close of escrow in connection with closing this escrow.  Any such deposit shall be deemed under the meaning of these escrow instructions.

21.  Time is of the essence of these instructions.  If this escrow is not in condition to close by the TIME LIMIT DATE and written demand for cancellation is received by you from any principal to this escrow after said date, you shall act in accordance with Paragraph 7 of said General Provisions.  In the event one or more of the above General Provisions is held to be invalid in judicial proceedings, the remaining respective General Provisions will continue to be operative.  Any amendments of or supplements to any instructions affecting this escrow must be in writing.  Signatures on any documents and instructions pertaining to this escrow indicate the signer's unconditional approval thereof.  Principals will hand you any funds and instruments required from each respectively to complete this escrow.

22.  If no demand for cancellation is made, you will proceed to close this escrow when the principals have complied with the escrow instructions.  These instructions may be executed in counterparts, each of which shall be deemed an original regardless of date of execution or delivery, and together shall constitute one and the same document.  If these instructions relate to a sale, Buyer agrees to buyer and Seller agrees to sell upon the terms and conditions hereof.  All documents, balances, and statements due the undersigned are to be mailed to the respective addresses shown in the escrow instructions, unless otherwise directed.  In these instructions, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

23.  If any form of Purchase Agreement or amendment or supplement (collectively "Purchase Agreement") is deposited in this escrow, it is understood that such document shall be effective only as between the parties signing the Purchase Agreement.  You, as escrow holder, are not to be concerned with the terms of any Purchase Agreement and are relieved of all responsibility and liability for the enforcement of its terms.  Your only duty is to comply with the instructions set forth in the escrow instructions.  You are not responsible for interpreting or acting on any provision of any Purchase Agreement on which these escrow instructions may be based, and you shall not rely on any knowledge or understanding you may have of any such Purchase Agreement in ascertaining or performing your duties as escrow holder.  In connection with any loan transaction, you are authorized to deliver a copy of any Purchase Agreement, supplement or amendment and a copy of all escrow instructions, supplements or amendments to the Lender.

24.  You shall make no physical inspection of the real property or personal property described in any instrument deposited in or which is the subject of this escrow.  You have made no representations or warranties concerning any such real property or personal property and are not to be concerned with nor liable for the condition of the real property or personal property.

25.  You are authorized to deduct from Seller's net proceeds, Buyer's net proceeds or Borrower's net proceeds any amount which either Seller, Buyer, or Borrower may owe you in any other matter or transaction.  You are authorized to charge and the parties agree to pay additional escrow fees for extraordinary services not within the range of customary escrow processing, including, but not limited to, the verification of signatures to escrow instructions.

26.  If the date by which Buyer's or Seller's performance are due shall be other than your regular business day, such performances shall be due on your next succeeding business day.

27.  You shall not be responsible in any way whatsoever nor are you to be concerned with any question of usury in any loan or encumbrance, whether new or of record, which may arise during the processing of this escrow.

(CONTINUED)

Seller's Initials: _____/_____          Buyer's Initials: _____/_____

B - 4

Date: January 14, 2010

Escrow No.: 003743-JS

Page 5 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

28.  You are instructed to provide title to the subject real property in the condition identified in the escrow instructions by the parties. You are not responsible for the contents or accuracy of any beneficiary demands and/or beneficiary statements delivered to you by the existing lien holders. You are not required to submit any such beneficiary statement and/or beneficiary demand, including prepayment penalty, to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the party(ies) desire to pre-approve any such beneficiary statement and/or beneficiary demand, the party(ies) requesting the same shall deliver separate and specific written escrow instructions to you.

29.  The parties expressly indemnify and hold you harmless against third-party claims for any fees, costs or expenses where you have acted in good faith, with reasonable care and  prudence and/or in compliance with these escrow instructions.

30.  The parties agree that you have the responsibilities of an escrow holder only and there are no other legal relationships established in the terms and conditions of the escrow instructions.  In connection with this escrow:  (1) you shall have no duty or responsibility of notifying any of the parties to this escrow of any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property;  (2) you shall have no responsibility or duty to disclose any benefit, including, but not limited to financial gain, realized by any person, firm or corporation, involving any of the subject property or personal property; and (3) you shall have no responsibility or duty to disclose any profit realized by any person, firm, or corporation including, but not limited to, any real estate broker, real estate sales agent and/or a party to any other escrow, in connection therewith, although such other transaction may be handled by you in this escrow or in another escrow transaction.  If, however, you are instructed in writing by any party, Lender or other entitled person to disclose any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property or any profit realized by any person, firm or corporation to any party in this escrow, you shall do so without incurring any liability to any party.  You shall not be liable for any of your acts or omissions done in good faith nor for any claims, demands, losses or damages made or suffered by any party to this escrow, excepting such as may arise through or be caused by your willful neglect or gross misconduct.

31.  The parties shall cooperate with you in carrying out the escrow instructions they deposit with you and completing this escrow.  The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, instructions, authorizations, or other items that are reasonably necessary to enable you to comply with demands made on you by third parties, to secure policies of title insurance, or to otherwise carry out the terms of their instructions and close this escrow.  If conflicting demands or notices are made or served upon you or any controversy arises between the parties or with any third person arising out of or relating to this escrow,  you shall have the absolute right to withhold and stop all further proceedings in, and in performance of this escrow until you receive written notification satisfactory to you of the settlement of the controversy by written agreement of the parties, or by the final order or judgment of a court of competent jurisdiction.  All of the parties to this escrow, jointly and severally, promise to pay promptly on demand, as well as to indemnify you and to hold you harmless from and against all administrative governmental investigation, audit and legal fees, litigation and interpleader costs, damages, judgments, attorneys' fees, arbitration costs and fees, expenses, obligations and liabilities of every kind (collectively "costs") which in good faith you may incur or suffer in connection with or arising out of this escrow, whether said costs arise during the performance of or subsequent to this escrow, directly or indirectly, and whether at trial or on appeal.  You are given a lien upon all the rights, titles, and interests of the parties and all escrow papers and other property and monies deposited into this escrow to protect your rights and to indemnify and reimburse you.  If the parties do not pay any fees, costs, or expenses due you under the escrow instructions or do not pay for costs and attorney's fees incurred in any litigation or interpleader, on demand, they each agree to pay a reasonable fee for any attorney services which may be required to collect such fees or expenses, whether attorneys' fees are incurred before trial, at trial, on appeal or in arbitration.

32.  ALL NOTICES, DEMANDS AND INSTRUCTIONS MUST BE IN WRITING.  No notice, demand, instruction, amendment, supplement or modification of these escrow instructions shall be of any effect in this escrow until delivered in writing to you and mutually executed by all parties.  Any purported oral instruction, amendment, supplement, modification, notice or demand deposited with you by the parties or either of them shall be ineffective and invalid.  You are to be concerned only with the directives expressly set forth in the escrow instructions, supplements and amendments thereto, and are not to be concerned with nor liable for items designate as "memorandum items" in the escrow instructions.

33.  These escrow instructions may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery.  All such counterparts together shall constitute the same documents.

34.  If any check submitted to you is dishonored upon presentment for payment, you are authorized to notify all parties to the within escrow, their respective real estate broker(s) and real estate agent(s) and any other person or entity you deem in your sole discretion necessary to notify.

35.  You are authorized to accept oral instructions from the parties' real estate broker(s), real estate agent(s), Lender(s) or Lender's agent(s) concerning the preparation of escrow instructions, amendments or supplements.  However, you are not to act upon any instruction so delivered until you have received the same in writing signed by all parties to this escrow.

36.  In these escrow instructions, wherever the context so requires, the masculine gender includes the feminine and/or neuter and the singular number included the plural.

37.  You are authorized to destroy or otherwise dispose of any and all documents, papers, escrow instructions, correspondence and records or other material constituting or pertaining to this escrow at any time after five (5) years from the date of:  (1) the close of escrow, (2) the date of cancellation; or (3) the date of the last activity without liability and without further notice to the parties.

38.  Pursuant to Gramm-Leach-Bliley Act, Public Law 106-102, you are notified that non-public information from you in letters and other communications, as well as in escrow instructions and on forms, including Statements of Identity, data collection regarding the financial status of the property or you and on other forms;  and non-public information directly from third parties, including real estate sales agents and brokers, mortgage companies and lenders, title companies, contractors, bookkeepers and accountants, attorneys, homeowner's associations, insurance agents.  Federal, State or local tax governmental authorities or from others who may give us information on forms or by other methods including, but not limited to, telephone, e-mail, and facsimile transmission, may be disclosed by us to financial service providers such as title insurance and underwritten title companies, mortgage companies and lenders as well as insurance agents and companies associated with your escrow transaction;  non-financial companies such as homeowner's associations, attorneys, bookkeepers and accountants, Federal, State or local tax or governmental authorities, real estate sales agents and brokers associated with your escrow transaction;  and service providers including contractors, structural pest control operators and other rendering services to you or the real property or business that is the subject of this transaction.

We may also disclose non-public information about you to non-affiliated third parties as permitted by law.  Otherwise, we do not disclose personal or confidential information to anyone outside our company without your consent.  We will adhere to the privacy policies and practices as described in this Privacy Act Notice.

(CONTINUED)

Seller's Initials:  _____/_____

Buyer's Initials:  _____/_____

B-5

Page 6 of 6: Additional Instructions made a part of previous pages as fully incorporated therein.

We restrict access to our personal and escrow file information to those employees who need to know that information to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with Federal Regulations to guard your non-public personal information. Your information is stored in a secure place on a secure computer and in physical files. When we replace computers, we erase computers, we erase old disks or reformat them before disposal. When we dispose of old physical paper files, we have it shredded and recycled by a bonded security company.

39. **ADDITIONAL CHARGES:** Escrow Holder is authorized and instructed at or after closing, as applicable, to charge the respective party's account accordingly for the following services and/or fees, if same are required and/or necessary to expedite this transaction, and parties by their signature hereto, do hereby authorize same without further approval required:

    (a) Express and/or courier services (average cost is $10.00 to $25.00 each).
    (b) Our bank charges $25.00 for funds wired in or wired out of this escrow.
    (c) More than one estimated HUD-I closing statement for a lender will incur a $5.00 fee for each additional statement required.
    (d) In the event a lender does not provide copies of their loan documents, you are to charge Borrower $25.00.
    (e) In the event that copies of cancelled checks, closing statements, and/or any other documentation is requested one year after closing, a service fee of $10.00 must accompany each request, payable to Green Forest Escrow, Corp..
    (f) Parties are made aware that should any checks, payable to their order, which have not been cashed within ninety (90) days from date of issuance will require redrawing and a service fee of $10.00 will be deducted before the check is redrawn.
    (g) Shall this escrow cancel, there will be a cancellation fee of $250.00 charge to the Buyer, payable to Green Forest Escrow, Corp..
    (h) All parties are aware and agree to indemnify Green Forest Escrow, Corp of any and all liabilities that may arise from any litigation by either parties.
    (i) All parties are aware that execution of any net proceeds or refund checks issued by Green Forest Escrow, Corp. shall constitute full satisfaction of any and all claims arising from this escrow.

40. Escrow Holder is hereby authorized and instructed to release any and all checks to the Real Estate Broker/Loan Broker representative, unless otherwise specified in writing. All parties acknowledge that Green Forest Escrow, Corp. shall have no responsibility or liability in connection with this instructions.

ESCROW COMPANIES ARE NOT AUTHORIZED TO GIVE LEGAL ADVICE. IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY BEFORE SIGNING.

EACH PARTY SIGNING THESE INSTRUCTIONS HAS READ THE ADDITIONAL ESCROW CONDITIONS AND INSTRUCTIONS CONTAINED HEREIN AND APPROVES, ACCEPTS AND AGREES TO BE BOUND THEREBY. ALL PARTIES SIGNING THIS AGREEMENT HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.

I/We agree to pay FUNDS REQUIRED TO CLOSE ESCROW UPON DEMAND.

SELLER(S) ONLY: The foregoing terms, provisions, conditions, and instructions, and those "General Provisions" contained herein are hereby approved and accepted in their entirety and concurred in by me. I will hand you necessary documents called for on my part to cause title to be shown as above which you are authorized to deliver when you hold for my account the sum of $305,000.00 within the time as above provided, pay your escrow charges, my recording fees, charges for evidence of title as called for, whether or not this escrow is consummated, except those buyer agrees to pay. You are hereby authorized to pay bonds, assessments, taxes, and any liens of record to show title as called for, affix documentary tax on deed as required.

SELLERS:

BUYERS:

_____

_____

Mario Enrique Barillas

Cesar Aroldo Rodriguez

B - 6

EXHIBIT "C"

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

ESTIMATED

| B.  Type of Loan | | |
|---|---|---|
| 1. []FHA 2. []FmHA 3. []Conv. Unins. | 6. File Number | 7. Loan Number | OMB No. 2502 0265 |
| 4. []VA 5. []Conv. Ins. | 000045-JS | | Mortgage Insurance Number |

C.  Note:   THIS NOTE IS FURNISHED TO GIVE YOU A STATEMENT OF THE ACTUAL SETTLEMENT COSTS. AMOUNTS PAID TO ANY AND BY THE SETTLEMENT AGENT ARE SHOWN. ITEMS MARKED "(P.O.C.)" WERE PAID OUTSIDE OF THE CLOSING. THEY ARE SHOWN HERE FOR INFORMATION PURPOSES AND ARE NOT INCLUDED IN THE TOTALS.

| D.  Name and Address of Borrower | E.  Name and Address of Seller | F.  Name and Address of Lender |
|---|---|---|
| | Mario Barillas | |

| G.  PROPERTY LOCATION | H.  Settlement Agent |
|---|---|
| 930 West 81st Street<br>Los Angeles, CA 90044 | Green Forest Escrow, Corp. |
| | Place of Settlement | I.  Settlement Date<br>February 1, 2010 |
| | 9425 Telegraph Road, Suite 112<br>Pico Rivera, CA 90660 | |

| J.  SUMMARY OF BORROWER'S TRANSACTIONS | | K.  SUMMARY OF SELLER'S TRANSACTIONS | |
|---|---|---|---|
| 100.  GROSS AMOUNT DUE FROM BORROWER | | 400.  GROSS AMOUNT DUE TO SELLER | |
| 101.  Contract Sales Price | | 401.  Contract sales price | 305,000.00 |
| 102.  Personal Property | | 402.  Personal property | |
| 103.  Settl. Chrgs. to Borrower (line 1400) | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106.  City/Town Taxes | | 406.  City/Town taxes | |
| 107.  County Taxes | | 407.  County taxes | |
| 108.  Assessments | | 408.  Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120.  Gross Amount Due From Borrower | | 420.  Gross Amount Due to Seller | 305,000.00 |
| 200.  AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500.  REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201.  Deposits or Earnest Money | | 501.  Excess deposit (see instructions) | |
| 202.  Principal amount of new loan(s) | | 502.  Settl. chrgs. to seller (line 1400) | 37,899.38 |
| 203.  Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| 204. | | 504.  IndyMac Bank | 263,571.46 |
| 205. | | 505.  Specialized Loan Servicing, LLC | 3,000.00 |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210.  City/Town taxes | | 510.  City/Town taxes | |
| 211.  County taxes | | 511.  Taxes at $3115.22/semi-annually from 01/01/2010 to 02/01/2010 | 529.16 |
| 212.  Assessments | | 512.  Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220.  Total Paid By/For Borrower | | 520.  Total Reductions in Amount Due Seller | 305,000.00 |
| 300.  CASH AT SETTLEMENT FROM/TO BORROWER | | 600.  CASH AT SETTLEMENT FROM/TO SELLER | |
| 301.  Gross Amounts due from Borrower (line 120) | | 601.  Gross amount due to Seller (line 420) | 305,000.00 |
| 302.  Less amounts paid by/for Borrower (line 220) | | 602.  Less reductions in amount due Seller (line 520) | 305,000.00 |
| 303.  CASH TO BORROWER | | 603.  CASH FROM SELLER | |



SETTLEMENT STATEMENT

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION** | | | |
| Based on price $305,000.00 @ 6.00% | | | |
| 701. Listing Broker Commission $9,150.00 | | | |
| 702. Selling Broker Commission $9,150.00 | | | |
| 703. Commission paid at settlement | | | 18,300.00 |
| 704. | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan origination fee | | | |
| 802. Loan discount | | | |
| 803. Appraisal fee | | | |
| 804. Credit report | | | |
| 805. Lender's inspection fee | | | |
| 806. Mortgage insurance application fee | | | |
| 807. Assumption fee | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest | | | |
| 902. Mortgage insurance | | | |
| 903. Hazard insurance | | | |
| 904. Hispanos Unidos Realty for Short Sale Coordinating | | | 1,000.00 |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard insurance | | | |
| 1002. Mortgage insurance | | | |
| 1003. City property taxes | | | |
| 1004. County property taxes | | | |
| 1005. Annual assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Reserves | | | |
| 1009. | | | |
| **1100. ESCROW AND TITLE CHARGES** | | | |
| 1101. Escrow Fee to Green Forest Escrow, Corp. | | | 960.00 |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title insurance binder | | | |
| 1105. Document preparation | | | |
| 1106. Notary fees | | | |
| 1107. Attorney's fees | | | |
| 1108. Title Insurance | | | 1,130.00 |
| 1109. Lender's coverage $ | | | |
| 1110. Owner's coverage $ @ $1,130.00 | | | |
| 1111. Messenger and Wire Fee | | | 50.00 |
| 1112. Sub Escrow Fee | | | 62.50 |
| 1113. Pad to Close Escrow if Needed | | | 1,000.00 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Deed $50.00 | | | 50.00 |
| 1202. City Transfer Tax | | | 1,372.50 |
| 1203. Documentary Transfer Tax | | | 335.50 |
| 1204. | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Estimate for Natural Hazard Disclosure Report | | | 69.95 |
| 1302. Pest inspection | | | |
| 1303. Current Taxes + Penalty | | | 3,426.74 |
| 1304. Defaulted Taxes | | | 10,001.99 |
| 1305. Estimate for 9-A Report | | | 70.20 |
| 1306. Estimate for Certificate of Compliance | | | 50.00 |
| 1307. | | | |
| **1400. TOTAL SETTLEMENT CHARGES (ENTER ON LINES 103 SECTION J AND 502, SECTION K)** | | | 37,899.38 |

C-2

PAYOFF BREAKDOWN(S)
Payoff to IndyMac Bank
TOTAL $263,571.46
Principal Balance                                263,571.46


Payoff to Specialized Loan Servicing, LLC
TOTAL $3,000.00
Principal Balance                                3,000.00

C-3

# Green Forest Escrow, Corp.

9425 Telegraph Road, Suite 112
Pico Rivera, CA 90660
Phone: (562) 821-2600  Fax: (562) 821-2606

### SELLER'S ESTIMATED NET PROCEEDS

| | | | |
|---|---|---|---|
| **PROPERTY:** | 930 West 81st Street<br>Los Angeles, CA 90044 | **DATE:** | December 22, 2009 |
| **SELLER:** | Mario Barillas | **CLOSING DATE:**<br>**ESCROW NO.:** | February 1, 2010<br>000045-JS |

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 305,000.00 |
| | | |
| **PAYOFF CHARGES - IndyMac Bank** | | |
| [Total Payoff $263,571.46] | | |
| Principal Balance | 263,571.46 | |
| | | |
| **PAYOFF CHARGES - Specialized Loan Servicing, LLC** | | |
| [Total Payoff $3,000.00] | | |
| Principal Balance | 3,000.00 | |
| | | |
| **PRORATIONS/ADJUSTMENTS** | | |
| Taxes at $3115.22/semi-annually from 01/01/2010 to 02/01/2010 | 529.16 | |
| | | |
| **COMMISSION CHARGES** | | |
| Listing Broker Commission | 9,150.00 | |
| Selling Broker Commission | 9,150.00 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| Hispanos Unidos Realty for Short Sale Coordinating | 1,000.00 | |
| Estimate for Natural Hazard Disclosure Report | 89.95 | |
| Estimate for 9-A Report | 70.20 | |
| Estimate for Certificate of Compliance | 50.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES** | | |
| Owners Title Policy Fee | 1,130.00 | |
| Messenger and Wire Fee | 50.00 | |
| Sub Escrow Fee | 62.50 | |
| Recording Grant Deed | 50.00 | |
| Documentary Transfer Tax | 335.50 | |
| City Transfer Tax | 1,372.50 | |
| Current Taxes + Penalty | 3,426.74 | |
| Defaulted Taxes | 10,001.99 | |
| | | |
| **ESCROW CHARGES - Green Forest Escrow, Corp.** | | |
| Escrow Fee | 960.00 | |
| Pad to Close Escrow if Needed | 1,000.00 | |
| | | |
| TOTAL | $  305,000.00 | $  305,000.00 |

### THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE

---

Mario Barillas

C-4

EXHIBIT "D"

B6I (Official Form 6I) (12/07)

In re    Mario Enrique Barillas _____    Case No. ___2:09-bk-20339-AA___
                            Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Single | RELATIONSHIP(S):<br>None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Driver | |
| Name of Employer | Samson Junk Cars | |
| How long employed | 3 Yrs | |
| Address of Employer | 8103 S Alameda St<br>Los Angeles, CA 90001 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 2,873.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 2,873.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 654.33 | $ N/A |
| b. Insurance | $ 0.00 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 654.33 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,218.67 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance<br>(Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income<br>(Specify):    Total Income from rents | $ 3,300.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 3,300.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 5,518.67 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 5,518.67 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
      None

D - 1

B6J (Official Form 6J) (12/07)

In re  Mario Enrique Barillas _____     Case No.   2:09-bk-20339-AA
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 3,141.00 |
| a. Are real estate taxes included? Yes ___ No X | | |
| b. Is property insurance included? Yes ___ No X | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 120.00 |
| b. Water and sewer | $ | 150.00 |
| c. Telephone | $ | 0.00 |
| d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 75.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 95.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 50.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   Property Taxes | $ | 545.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
| Other | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)   $  4,751.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
     None

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,518.67 |
| b. Average monthly expenses from Line 18 above | $ | 4,751.00 |
| c. Monthly net income (a. minus b.) | $ | 767.67 |

D-2

| CHAPTER 13 TRUSTEE<br>KATHY A. DOCKERY<br>700 S. FLOWER ST., STE 1950<br>LOS ANGELES, CA 90017<br><br>Chapter 13 Trustee | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 13<br>CASE NUMBER  2:09-BK-20339-AA |
| In re:  MARIO ENRIQUE BARILLAS<br><br><br><br><br>Debtor(s). | (No Hearing Required) |

## TRUSTEE'S COMMENTS ON OR OBJECTION TO:

- [ ] **DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS**
- [ ] **DEBTOR'S MOTION FOR AUTHORITY TO INCUR DEBT**
- [ ] **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY**
- [X] **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY** (SHORT-SALE)
- [ ] **OTHER:** _____

The undersigned Chapter 13 Trustee, having reviewed Debtor's Motion filed on_____ as docket entry
number _____ , recommends:

- [ ] APPROVAL

- [ ] APPROVAL on the following conditions:

_____
_____
_____
_____  [ ] See attached sheet.

- [ ] DISAPPROVAL for the following reasons:

_____
_____
_____  [ ] See attached sheet.

- [ ] Set for hearing.

Dated: _____          _____
                                             Chapter 13 Trustee
                                             Kathy A. Dockery

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

July 2008                                                                   **F 3015-1.13**

F3015113